BRANDEN DRIVER,

        Plaintiff,

                                   Case No. 25-cv-903-pp

   v.

SUPER STEEL LLC, JANICE OBREGON,
PAUL LUBER and KELLY SAYLES,

        Defendants.

BRANDEN DRIVER,

        Plaintiff,

                                   Case No. 25-cv-1203-pp

   v.

MATRIX ABSENCE MANAGEMENT, INC,
RELIANCE STANDARD LIFE INSURANCE COMPANY,
DIANE SCOTT, ALEX KNIGHT, LASHINTE ANDERSON,
SHARI STUBBS, AMY KRATT, SUPER STEEL, LLC
and JANICE OBREGON,

        Defendants.

**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S AMENDED COMPLAINT IN CASE NO. 25-CV-903 (DKT. NO. 5), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS IN CASE NO. 25-CV-903 (DKT. NO. 8), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXPEDITED RULING IN CASE NO. 25-CV-903 (DKT. NO. 11), DISMISSING WITHOUT PREJUDICE PLAINTIFF'S AMENDED COMPLAINT IN CASE NO. 25-CV-1203 (DKT. NO. 4) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS IN CASE NO. 25-CV-1203 (DKT. NO. 5)**

1

## I.     Background

The plaintiff, who is representing himself, has filed three cases in this federal court. <u>See</u> <u>Driver v. Super Steel, *et al.*</u>, Case No. 25-cv-903 (filed June 3, 2025); <u>Driver v. Matrix Absence Management, *et al.*</u>, Case No. 25-cv-1203 (filed August 12, 2025); and <u>Driver v. CNA Financial, *et al.*</u>, Case No. 25-cv-1204 (also filed August 12, 2025). In each case, shortly after filing the initial complaints, the plaintiff filed amended complaints. Case No. 25-cv-903, Dkt. No. 5 (filed June 17, 2025—two weeks later); Case No. 25-cv-1203, Dkt. No. 4 (filed August 15, 2025—three days later); Case No. 25-cv-1204, Dkt. No. 4 (filed August 15, 2025—three days later). The amended complaint in Case No. 25-cv-903 is thirty-six pages long; it is not on the court's complaint form; it is not double-spaced and it raises twenty-one claims. The amended complaint in Case No. 25-cv-1203 is sixty-seven pages long; it is not on the court's complaint form; it is not double-spaced and it raises twenty-one claims. The amended complaint in Case No. 25-cv-1204 is forty pages long; it is not on the court's complaint firm; it is not double-spaced and it raises thirteen claims. Altogether, the three amended complaints contain almost two hundred pages and allege almost over fifty claims against numerous defendants; the claims appear to stem from the plaintiff's workplace injury and subsequent insurance and leave disputes. <u>Id.</u> Among others, the plaintiff alleges OSHA, ERISA, HIPPAA, ADA, FMLA and Wisconsin statutory and common law claims against his former employer and several insurance companies. <u>Id.</u>

In each of the three cases, the court granted the plaintiff's motions for leave to proceed without prepaying the filing fee. Case No. 25-cv-903, Dkt. No. 13 at 10; Case No. 25-cv-1203, Dkt. No. 7 at 10; Case No. 25-cv-1204, Dkt. No.

16 at 10.[1] But rather than screen the amended complaints or address the other motions the plaintiff had filed, the court issued an order requiring the plaintiff to show cause why the court should not sanction him for violating Fed. R. Civ. P. 11. Id.

The court identified sixteen instances of what appeared to be generative artificial intelligence (AI) hallucinations in the plaintiff's filings, such as fabricated quotes and cases and misattributed quotes. Id. at 5–9. As the court explained, "[i]t is unacceptable for any party, represented or not, to submit filings that contain non-existent legal citations[,]" and "[p]arties who do so expose themselves to Rule 11 sanctions[.]" Id. at 5. The court ordered the plaintiff to show cause

> why the court should not sanction him for citing to cases that do not exist, fabricating quotes and asserting that cases stand for certain propositions when they do not. The plaintiff must file with the court a written statement explaining why the court should not sanction him for violating his obligations under Rule 11(b) to certify to the best of his knowledge, information and belief that the legal contentions in his filings "are warranted by existing law[.]" The statement does not need to be long, but the plaintiff must explain whether and to what extent he used generative AI in drafting his filings and how he plans to avoid violating Rule 11 in any future filings.

Id. at 9. The court gave the plaintiff a deadline of January 30, 2026 by which to file his statement. Id. at 11.

In addition to the plaintiff's AI use, the court also alerted the plaintiff that the length of his amended complaints and the number of his claims "do not meet Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint must contain 'a *short and plain* statement of the claim showing that the pleader is entitled to relief.'" Id. at 3 (emphasis in original) (citing United States *ex rel.*

---

[1] The court filed an identical order in each case.

3

Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)). The court wrote that "[o]nce the court understands the extent of the plaintiff's AI use, it will take the necessary steps to screen the complaints in another order." Id. at 4.

In late January 2026, the plaintiff submitted his response, filing the same statement in each of the three cases. Case No. 25-cv-903, Dkt. No. 14; Case No. 25-cv-1203, Dkt. No. 8; Case No. 25-cv-1204, Dkt. No. 17. First addressing his use of generative AI, the plaintiff explains that although "[t]he merits, facts, and substantive allegations" in the amended complaints came from him, he "utilized generative artificial intelligence in a limited way, solely as a supplemental tool to help locate potential legal citations and to assist with wording[.]" Id. at 2. The plaintiff explains that he "mistakenly believed" that AI "functioned like an advanced legal search engine" and that he "was unaware that generative AI could hallucinate and produce non-existent cases or quotes." Id. The plaintiff asserts that he "acted in good faith and did not intend to mislead the Court[,]" and that he "made diligent efforts to obtain counsel but was unable to secure representation due to attorneys' existing caseloads, so [he] did [his] best to research and draft the complaint [him]self." Id. The plaintiff states that he accepts "full responsibility for not independently verifying each citation before filing." Id. at 3. He claims that he has "now completely ceased using generative AI for legal research, citations, or drafting[,]" and that "going forward, [he] will personally verify every case citation, statute, and quotation using reliable legal sources before submitting any filing[.]" Id. The plaintiff explains asks to "voluntarily dismiss, without prejudice, all claims in Case No. 25-cv-1204-pp against" all defendants named in that case. Id. at 3.

4

The plaintiff addresses the court's Rule 8(a) concerns in his other cases by explaining that

> Case No. 25-cv-903-pp is an employment and workplace case against Super Steel LLC and its officers, focusing on FMLA and ADA rights, retaliation, constructive discharge, and related Wisconsin law. Case No. 25-cv-1203-pp is a benefits and ERISA case against Matrix Absence Management, Reliance Standard, and related individuals, and it also names Super Steel LLC and Janice Obregon in their roles relating to the disability benefits at issue, arising from the administration and denial of short term disability benefits, alleged ERISA violations, and associated privacy and claims handling issues. While these cases share a common factual background, the same injury and employment relationship, they are grounded in different legal frameworks and involve different primary duties and legal questions.

Id. at 3. The plaintiff asks the court for "leave to file amended pleadings" if the court "concludes that amendment, consolidation, or reorganization of these claims would better serve clarity and efficiency[.]" Id. at 3–4.

In his conclusion, the plaintiff summarizes his requests:

> I respectfully request that the Court:
> 1. Accept this response as my showing of cause under Rule 11.
> 2. Allow me to voluntarily dismiss Case No. 25-cv-1204-pp without prejudice.[2]
> 3. Permit Case Nos. 25-cv-903-pp and 25-cv-1203-pp to proceed to screening, with leave to amend, consolidate, or reorganize the complaints if the Court deems that necessary to satisfy Rule 8 and promote efficient resolution of these issues.

Id. at 5.

## II.     Rule 11

The plaintiff's response addresses the concerns the court identified and discharges the court's show cause order. The plaintiff explained his misunderstanding of the risks of generative AI in legal research, took

---

[2] The court will address this request in a separate order filed in Case. No. 25-cv-1204.

responsibility for the fabricated legal contentions and articulated a plan for how he intends to avoid future violations of Rule 11. Id. at 2–3. The court will not sanction the plaintiff under Rule 11. See Hinterberger v. City of Indianapolis, 966 F.3d 523, 529 (7th Cir. 2020) (district courts have "considerable discretion in deciding whether to issue Rule 11 sanctions"); Fed. R. Civ. P. 11(c)(1) ("the court may impose an appropriate sanction . . ."). However, if the court discovers another Rule 11 violation related to the plaintiff's AI use, it will issue harsh sanctions.

### III.  Rule 8

As the court explained in its previous order, the plaintiff's amended complaints "do not meet Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint must contain '*a short and plain* statement of the claim showing that the pleader is entitled to relief.'" Case No. 25-cv-903, Dkt. No. 13 at 3; Case No. 25-cv-1203, Dkt. No. 7 at 3; Case No. 25-cv-1204, Dkt. No. 16 at 3 (emphasis in original) (citing United States *ex rel.* Garst, 328 F.3d at 378). The amended complaints in Case No. 25-cv-903, Dkt. No. 5 and Case No. 25-cv-1203, Dkt. No. 4 are too unwieldy for the court to efficiently screen. And while the court identified where AI hallucinated legal contentions and citations, it has no way of determining if the amended complaints also include hallucinated *factual* allegations. Finally, as the court explained in its order to show cause, the plaintiff included in Case No. 25-cv-1203 additional claims that he should have brought in Case No. 25-cv-903. Id. at 4. The court will dismiss without prejudice the amended complaints in Case Nos. 25-cv-903 and 25-cv-1203 and will give the plaintiff the opportunity to file a second amended complaint in each case.

In preparing the second amended complaints, the plaintiff must comply with both Rule 8(a) and Rule 11. He must keep in mind that "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States *ex rel.* Garst, 328 F.3d at 378. More is not always better; alleging dozens of claims against anyone who *may* have been involved in the incidents about which he complains does not necessarily increase—and may *decrease*—the likelihood of his success. Regardless of how it may impact the likelihood of his success on the merits, it prevents the court from efficiently adjudicating his claims.

With this order, the court is including two blank copies of the court's amended complaint form. The plaintiff must use these forms in preparing his amended complaints. At the top of the first page, he must write the word "Second" above the words "Amended Complaint" and must list the case number for each case where required. The plaintiff should use the spaces on pages 3 and 4 to recite the facts of his claims; if that is not enough space, he may use **no more than five additional, double-spaced pages**. The second amended complaints will take the places of the original and first amended complaints; they must be complete in themselves. They may not refer the court back to allegations in the original or amended complaints.

The plaintiff has filed several other motions. In Case No. 25-cv-903, the plaintiff filed a motion for an extension of time to serve defendants, dkt. no. 8, and a motion for an expedited ruling, dkt. no. 11. In Case No. 25-cv-1203, the plaintiff filed another motion for an extension of time to serve defendants, dkt. no. 5. Because the court is dismissing the first amended complaints, it will deny these motions as moot. After the plaintiff files the second amended complaints, the court will issue orders advising the plaintiff of which, if any, of

7

his claims can proceed against which, if any, defendants. If any of the claims survive screening, the court will ask the U.S. Marshals Service to serve the summons and complaints.

## IV. Conclusion

<u>Driver v. Super Steel</u>, Case No. 25-cv-903*:*

The court **FINDS** that the plaintiff has discharged the court's order to show cause. Dkt. No. 13.

The court **DISMISSES WITHOUT PREJUDICE** the plaintiff's amended complaint. Dkt. No. 5.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file a second amended complaint by the end of the day on **June 30, 2026**. If the plaintiff does not file a second amended complaint by the end of the day on June 30, 2026, the court will dismiss the case with prejudice.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time to serve defendants. Dkt. No. 8.

The court **DENIES AS MOOT** the plaintiff's motion for expedited ruling. Dkt. No. 11.

<u>Driver v. Matrix Absence Management</u>, Case No. 25-cv-1203*:*

The court **FINDS** that the plaintiff has discharged the court's order to show cause. Dkt. No. 7.

The court **DISMISSES WITHOUT PREJUDICE** the plaintiff's amended complaint. Dkt. No. 4.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file a second amended complaint by the end of the day on **June 30, 2026**. If the court does not receive a second amended complaint by June 30, 2026, the court will dismiss the case with prejudice.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time to serve defendants. Dkt. No. 5.

Dated in Milwaukee, Wisconsin this 29th day of May, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

9